IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEYON HAYWOOD, # R-58464, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-753-MJR |
| | ) |
| JODY HATHAWAY, | ) |
| LT. K. COLLIER, | ) |
| DAVID ROCKWELL, | ) |
| BENJAMIN RUSSELL, | ) |
| and RICK ODUM, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff is an inmate in the custody of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Dixon Correctional Center ("Dixon") (Doc. 1, p. 1). On June 30, 2014, proceeding *pro se*, he filed several motions in his previous case in this Court, No. 09-cv-807-MJR-SCW (also captioned *Haywood v. Hathaway*, which shall be referred to herein as *Haywood I*). These motions were subsequently refiled as Docs. 3, 4, and 5 in the instant case, pursuant to the order at Doc. 123 in *Haywood I*.

Also on June 30, 2014, Plaintiff submitted a new civil rights complaint (Doc. 1 herein), which the Clerk of Court filed to open this new action. An examination of Plaintiff's "Petition for re-file/Continuation of current filing fee status & forma pauperis/App. of Counsel and Memorandum of Law" (Doc. 3) along with the new complaint (Doc. 1) reveals that Plaintiff is requesting to now proceed with retaliation claims which were dismissed from *Haywood I* at threshold review on May 24, 2010 (Doc. 12 in *Haywood I*). Further, Plaintiff asks the Court to

reinstate those claims in the original case (*Haywood I*), without requiring him to file a new action (Doc. 3, p. 3).

The complaint in this case (Doc. 1) consists only of a cover page, accompanied by nine pages of documents which relate to Plaintiff's claim that a false disciplinary ticket was filed against him in retaliation for his complaint that Defendant Rick Odum (an auto mechanics teacher) physically assaulted Plaintiff during a class session. These events all took place while Plaintiff was confined at the Shawnee Correctional Center ("Shawnee"). The complaint is not signed by Plaintiff, nor does it contain a distinct statement or summary of his claims against the five named Defendants.

**Procedural History – *Haywood I***

Plaintiff filed his original complaint in *Haywood I* in October 2009. On March 14, 2010, he submitted his First Amended Complaint (Doc. 9 in *Haywood I*). He outlined his claims in five counts: Counts 1-4 were against Defendants Collier, Rockwell, Russell, and Hathaway, claiming that each of them retaliated against him for making the complaint about Rick Odum, by bringing the disciplinary charge (Collier), finding him guilty and imposing punishment (Rockwell and Russell), and allowing him to remain in segregation despite his grievances (Hathaway). Count 5 was against Defendant Warden Hathaway only, claiming that Plaintiff was subjected to cruel and unusual punishment when his segregation cell was freezing cold during severe weather and a power outage.

On May 24, 2010, the Court dismissed Counts 1-4 pursuant to 28 U.S.C. § 1915A, because in addition to the 60 days in segregation, Plaintiff was sanctioned with a revocation of one month of good conduct credit (Doc. 12 in *Haywood I*). Under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994), Plaintiff's civil rights claim for damages could

not be maintained, because it would necessarily call into question the validity of the disciplinary action (the equivalent for *Heck* purposes of a conviction and sentence) that revoked his good time credits. The retaliation claims were thus dismissed so that Plaintiff might bring his challenge in a mandamus or habeas action.

Count 5 against Defendant Haywood was allowed to proceed, but on February 17, 2012, that claim was dismissed on summary judgment (Doc. 92 in *Haywood I*). Plaintiff timely appealed the judgment against him, and the appeal is currently pending before the United States Court of Appeals for the Seventh Circuit, where counsel has been appointed for Plaintiff (Appeal No. 12-1678).

In reference to the dismissal of Counts 1-4, which Plaintiff now seeks to revive, the Court's review of its orders has disclosed a clerical error. In the body of the merits review order, the Court stated that Counts 1-4 would be dismissed without prejudice (Doc. 12, p. 2, in *Haywood I*). However, in the "Disposition" section of that order, Counts 1-4, as well as Defendants Collier, Rockwell, and Russell, were dismissed *with* prejudice (Doc. 12, p. 4, in *Haywood I*). On December 10, 2010, though, in denying Plaintiff's motion to reconsider the threshold order (Doc. 14 in *Haywood I*), the Court noted that the retaliation claims in Counts 1-4 had been dismissed *without* prejudice according to the *Heck* doctrine (Doc. 31, p. 3, in *Haywood I*).

As a rule, a *Heck*-barred claim should be dismissed *without* prejudice, so that the Plaintiff may later revive it in the event he succeeds in invalidating the conviction or sentence. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011) (discussed in *Gordon v. Miller*, 2013 WL 4573682 (7th Cir. Aug. 29, 2013)). The Court's intention was to dismiss Counts 1-4 and Defendants Collier, Rockwell, and Russell without prejudice, to conform with this authority.

Thus, the conflicting provision in the "Disposition" section of Doc. 12 in *Haywood I* should be disregarded. To clarify, the dismissal of these counts and Defendants in Case No. 09-cv-807-MJR-SCW was **WITHOUT PREJUDICE.**

**<u>Plaintiff's Motion to Reinstate the Retaliation Claims (Doc. 3)</u>**

In this motion (which Plaintiff has titled "Petition for re-file/Continuation of current filing fee status & forma pauperis/App. of Counsel and Memorandum of Law"), Plaintiff states that on July 12, 2012, the IDOC restored his good conduct credits that had been revoked when he was found guilty of the disciplinary infraction that gave rise to his retaliation claims. He references documentation which he provided to the Court of Appeals confirming this fact (found in Doc. 41 in Appeal No. 12-1678 from the dismissal of *Haywood I*). He argues that he should be allowed to reinstate the original retaliation claims against Defendants Rockwell, Hathaway, Collier, and Russell, and requests to add a retaliation claim against new Defendant Rick Odum. According to Plaintiff, his claim accrued with the restoration of the good conduct credits on July 12, 2012, when the *Heck* bar was lifted.

Without commenting on the ultimate merits of these retaliation claims, the Court agrees that they appear to no longer be barred by *Heck*. However, the claims shall proceed in this new action, not in *Haywood I* as Plaintiff would prefer. Contrary to Plaintiff's belief, requiring him to "file another case" would not "waste time" or "delay the resolution of these claims" (Doc. 3, p. 3). At this juncture, *Haywood I* is still on appeal, and this Court was divested of jurisdiction over that case as of the time Plaintiff filed his notice of appeal. "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those

aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). "Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court. Until the mandate issues, the case is 'in' the court of appeals, and any action by the district court is a nullity." *Kusay*, 62 F.3d at 193 (citing *United States v. Wells*, 766 F.2d 12, 19 (1st Cir. 1985); *Zaklama v. Mt. Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir. 1990). This Court thus does not have the authority at this time to "reinstate" the dismissed claims in *Haywood I* and allow Plaintiff to proceed on them in that case while his appeal remains pending.

Furthermore, Plaintiff's situation is distinguishable from that in *Harris v. Ashby*, No. 11-cv-3074, 2012 WL 2685033 (C.D. Ill. July 6, 2012), the non-precedential case he cites in support of his request to avoid filing a new case. *Harris* reiterates the general rule that when a claim has been dismissed without prejudice, it can only be resurrected by filing a new complaint, which necessarily involves the payment of another filing fee. *Harris*, 2012 WL 2685033 at *2 (citing *United States v. Ligas*, 549 F.3d 497, 503 n.2 (7th Cir. 2008) and *Richmond v. Chater*, 94 F.3d 263, 267 (7th Cir. 1996)). The *Harris* court concluded that an exception to that rule was warranted, because the plaintiff's good time was restored and the *Heck* bar removed while his motion to alter the judgment was still pending, thus the judgment had not yet become final. In contrast, Plaintiff herein did not have his good time restored until several months after this Court's final judgment was entered, and his case was already on appeal. Moreover, he chose not to bring that fact to this Court's attention until nearly two more years had passed. Under these circumstances, there is no basis to depart from the general rule that the dismissed claims must be raised, if at all, in a new lawsuit.

Accordingly, Plaintiff's motion to re-file his retaliation claims ((Doc. 3) is

**GRANTED IN PART AND DENIED IN PART.** Plaintiff may revive his retaliation claims against Defendants Hathaway, Russell, Rockwell, and Collier, and may add a claim against Defendant Odum – however, these claims shall be brought in the instant action (Case No. 14-cv-753), not in *Haywood I*.

Plaintiff's request to "continue" his filing fee status from *Haywood I* (also contained in Doc. 3) is **DENIED.** He shall be responsible for a new filing fee[1] for this action. As directed below, he must submit a new motion for leave to proceed *in forma pauperis* ("IFP") and updated inmate trust account statements if he is unable to pay the fee in advance.

**Merits Review of the Complaint Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

As noted above, the complaint filed by Plaintiff to initiate this action is incomplete. It does not include any coherent statement of the relevant facts, nor does it associate specific defendants with specific claims. Instead, it is composed entirely of letters written by Plaintiff in 2009 to complain about the disciplinary action, the disciplinary report itself, and the final summary report on Plaintiff's disciplinary hearing (Doc. 1, pp. 2-10). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While Plaintiff's amended complaint filed in *Haywood I* met this basic requirement, that complaint is not now part of this case. Additionally, that complaint did not contain the new claim Plaintiff wishes to assert against Defendant Odum (*See* Doc. 3, p. 3). Equally important, Plaintiff must sign the complaint, which he has not done. Fᴇᴅ R. Cɪᴠ. P. 11(a). Plaintiff's complaint (Doc. 1) shall therefore be dismissed.

At present, Plaintiff's retaliation claims are set forth in several different

documents (Docs. 1 & 3 herein, and Doc. 9 in *Haywood I*). This piecemeal approach is not acceptable. In order to proceed in this matter, Plaintiff must submit a new amended complaint as ordered below. The amended complaint shall contain all retaliation claims against all Defendants in one document, in compliance with Federal Rules of Civil Procedure 8 and 11. The amended complaint shall be subject to review under 28 U.S.C. § 1915A. Should Plaintiff include any unrelated claims against different Defendants, those claims shall be subject to severance in accordance with *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

**Other Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 4) and motion for service of process at government expense (Doc. 5) shall be **HELD IN ABEYANCE** pending the receipt of Plaintiff's amended complaint.

**Disposition**

For the reasons explained above, Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff **SHALL FILE** his amended complaint in this action, to be designated "First Amended Complaint" within 35 days of the date of this order (on or before September 2, 2014). Plaintiff is encouraged to use the Court's pre-printed civil rights complaint form. The First Amended Complaint shall state the facts in support of Plaintiff's retaliation claims, and shall identify which individual Defendants were directly responsible for the alleged constitutional deprivations. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First

Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

Failure to file an amended complaint shall result in the dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is **FURTHER ORDERED** to submit his completed motion for leave to proceed *in forma pauperis* within the same 35-day deadline noted above, if he is unable to pay the filing fee in full.

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form, and a blank form motion for leave to proceed IFP.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 29, 2014**

               s/ MICHAEL J. REAGAN
               United States District Judge