IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEYON HAYWOOD, # R-58464, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 14-cv-753-MJR |
| | ) |
| JODY HATHAWAY, | ) |
| LT. K. COLLIER, | ) |
| DAVID ROCKWELL, | ) |
| BENJAMIN RUSSELL, | ) |
| RICK ODUM, | ) |
| and J. HELM, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for a merits review of Plaintiff's First Amended Complaint (Doc. 10), filed on September 3, 2014. This pleading was timely filed at the direction of the Court (Doc. 7). Plaintiff had originally brought his retaliation claims against Defendants Hathaway, Collier, Rockwell, and Russell[1] in Case No. 09-cv-807-MJR-SCW (also captioned *Haywood v. Hathaway*, which shall be referred to herein as *Haywood I*), but they were dismissed without prejudice pursuant to the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The *Heck* bar was removed when Plaintiff's good conduct credits were restored in July 2012 (*See* Docs. 3, 7).

**The First Amended Complaint**

Plaintiff's claims arose on January 9, 2009, while he was incarcerated at Shawnee

---

[1] These claims are designated in the First Amended Complaint as Counts 1-4.

Correctional Center ("Shawnee").[2]  He was attending an auto mechanics class taught by Defendant Odum, and states that Defendant Odum assaulted him during the class (Doc. 10, pp. 5-6).  Before the alleged assault, Plaintiff had spoken to another inmate who had asked a question.  Defendant Odum then placed his hands on Plaintiff's shoulder and pushed him with enough force so that he "had to take a couple of steps sideways to keep from going down" (Doc. 10, p. 12).  After shoving Plaintiff, Defendant Odum told him to "get the f**k out" of the classroom.  *Id*.  When Defendant Odum was interviewed about the incident, he admitted placing his hand on Plaintiff's shoulder and ordering him to leave the classroom, but denied using any force (Doc. 10, pp. 5, 12).  Defendant Odum said Plaintiff became disrespectful to him when Odum ordered Plaintiff to refrain from talking to other inmates in the classroom, thus he ordered Plaintiff out.  Defendant Odum did not charge Plaintiff with any disciplinary infraction.

Immediately after this incident, Plaintiff reported the assault to a correctional officer (Followell, who is not a defendant).  He was interviewed about his report by Internal Affairs Officer Defendant Helm, who placed Plaintiff in segregation[3] (Doc. 10, p. 6-7).  Later in the day on January 9, 2009, Defendant Collier charged Plaintiff with a disciplinary infraction of "303 Giving False Information to an Employee" for claiming that he was assaulted by Defendant Odum (Doc. 10, pp. 11-12).  According to that disciplinary report, seven inmates who were in the classroom during the incident were interviewed, and none of them substantiated Plaintiff's claim that Defendant Odum used force against him.  As stated above, Defendant Odum also denied using any force, but admitted that he put his hand on Plaintiff.

The hearing on Plaintiff's charge was conducted on January 21, 2009, by

---

[2] He is currently confined at Dixon Correctional Center ("Dixon"), where he is serving a 21-year sentence for home invasion and a 10-year sentence for armed robbery.

[3] The disciplinary report states that Plaintiff was placed "under investigative status" in segregation at that time (Doc. 10, pp. 11, 13).

Defendants Rockwell and Russell (Doc. 10, pp. 5-6, 13-14). They found Plaintiff guilty and recommended punishment of two months in disciplinary segregation and C-grade status, and revocation of one month of good conduct credits. This punishment was approved by Defendant Warden Hathaway, even though Plaintiff wrote him an emergency letter explaining that the disciplinary charge was false because Defendant Odum had placed his hands on Plaintiff inappropriately and had "admitted to the assault" (Doc. 10, pp. 6, 15).

Plaintiff organizes his claims into seven counts:

**Count 1:** First Amendment claim against Defendant Collier, for issuing Plaintiff a false disciplinary charge in retaliation against Plaintiff for accusing Collier's co-worker Odum of assault;

**Count 2:** First Amendment claim against Defendant Rockwell, for finding Plaintiff guilty and punishing him with segregation in retaliation against Plaintiff for accusing Rockwell's co-worker Odum of assault;

**Count 3:** First Amendment claim against Defendant Russell, for finding Plaintiff guilty and punishing him with segregation in retaliation against Plaintiff for accusing Russell's co-worker Odum of assault;

**Count 4:** First Amendment claim against Defendant Hathaway, for approving and imposing Plaintiff's punishments, and allowing him to remain in segregation for 60 days, in retaliation against Plaintiff for accusing Hathaway's co-worker Odum of assault;

**Count 5:** First Amendment claim and Eighth Amendment claim against Defendant Odum, for pushing Plaintiff with his hands without any provocation;

**Count 6:** Fourteenth Amendment due process claim against Defendant Helm, for unjustly placing Plaintiff in segregation after he reported Odum's assault, even though Plaintiff had not been accused of any wrongdoing;

**Count 7:** First Amendment claim against Defendant Helm, for unjustly placing Plaintiff in segregation in retaliation against Plaintiff for accusing Helm's co-worker Odum of assault.

(Doc. 10, pp. 5-7). Plaintiff seeks monetary damages for the violations of his constitutional rights.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court concludes that Plaintiff has stated cognizable retaliation claims in Counts 1-4 and Count 7, which shall proceed for further review. However, the claims in Counts 5 and 6 do not survive § 1915A scrutiny and shall be dismissed.

**Counts 1-4 and 7: Retaliation Claims**

Where a prisoner alleges that a defendant has retaliated against him, he must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The Plaintiff must have engaged in some protected First Amendment activity (for example, filing a grievance or otherwise complaining about conditions of confinement), experienced an adverse action that would likely deter such protected activity in the future, and must allege that the protected activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Higgs*, 286 F.3d at 439.

If an action which would not otherwise be unlawful is taken in retaliation for the exercise of a constitutionally protected right, then the action may form the basis for a § 1983 retaliation claim. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland*

*v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995) (retaliatory discipline).

At issue here is whether Plaintiff experienced an adverse action or actions that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges*, 557 F.3d at 551. Without a doubt, the disciplinary charge and subsequent punishment were adverse actions. Whether or not the Defendants were motivated by a desire to retaliate against Plaintiff for accusing their co-worker of misconduct is a question that cannot be resolved at the pleadings stage of this case. Thus, Counts 1-4 and 7 against Defendants Collier, Rockwell, Russell, Hathaway, and Helm shall proceed for further consideration.

**Dismissal of Count 5 – First And Eighth Amendment Claims**

Plaintiff asserts that Defendant Odum's action of pushing Plaintiff with both hands and knocking him off balance violated both the First and Eighth Amendments. However, Plaintiff's factual allegations and his description of the sequence of events do not support either claim.

The Court cannot discern any First Amendment claim against Defendant Odum. No retaliation claim is stated, because Plaintiff did not engage in any protected activity prior to the shoving incident. Plaintiff spoke to another classmate in answer to a question, which apparently broke the rules in Defendant Odum's class. Prisoners do not have complete freedom of speech in prison, and speech that is disruptive or threatens the security of the institution is not

"protected activity" in the context of a retaliation claim. *See Watkins v. Kasper*, 599 F.3d 791, 795 (7th Cir. 2010) (where prisoner raised his verbal complaint in a disruptive, confrontational manner inconsistent with the legitimate penological interests of maintaining order and discipline, he lost his First Amendment protection and could not maintain a claim for retaliation on account of that complaint). Plaintiff's report of the pushing incident to other officers *after* he left Defendant Odum's classroom was a protected activity. However, that later report cannot transform Defendant Odum's alleged assault into a retaliatory action. A prisoner who claims retaliation "must allege a chronology of events from which retaliation may plausibly be inferred." *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987); *see also Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988). The protected activity must come first, followed by the retaliatory action. This was not the case with the claim against Defendant Odum, thus Plaintiff fails to state a retaliation claim upon which relief may be granted. Plaintiff does not articulate any other basis for a First Amendment claim against Defendant Odum, so this portion of Count 5 shall be dismissed.

Turning to the Eighth Amendment, Plaintiff suggests that Defendant Odum used unnecessary force when he pushed Plaintiff before ordering him out of the classroom. The intentional use of *excessive* force by prison officials against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily

injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff's factual allegations fail to show that Defendant Odum used excessive force against him. By his own description, Defendant Odum pushed him once, hard enough to make him take a couple of steps to avoid losing his balance. But the push did not contain enough force to make Plaintiff fall or to injure him in any way. This amount of force was de minimis, and not substantial enough to violate the Eighth Amendment's prohibition against cruel and unusual punishment. Even though the physical contact was unwelcome and offensive, and could be considered an "assault" as understood in tort or criminal law, this incident does not rise to the level of a constitutional violation. For these reasons, Count 5 shall be dismissed, and Defendant Odum shall be dismissed from the action.

**Dismissal of Count 6 – Due Process Claim**

Plaintiff asserts that Defendant Helm placed him in segregation right after he reported Defendant Odum's assault, even though at that time, he had not yet been accused of any disciplinary violation. Plaintiff's exhibits demonstrate that he was placed on investigative status, and put into segregation for that reason (Doc. 10, pp. 11, 13). His due process claim is based on that initial segregation placement, which predated the disciplinary action that culminated in the two months of punitive segregation.

Illinois statutes and correctional regulations do not place limitations on the discretion of prison officials to place inmates in administrative segregation, including investigative or temporary lockdown or confinement and involuntary protective custody;

accordingly, there is no liberty interest implicated by an inmate's placement in these forms of segregation. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995); *Pardo v. Hosier*, 946 F.2d 1278, 1281-84 (7th Cir. 1991); *Kellas v. Lane*, 923 F.2d 492, 494-95 (7th Cir. 1991); *see generally Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Hewitt v. Helms*, 459 U.S. 460 (1983). Defendant Helm had discretionary authority to place Plaintiff into investigative segregation status. The administrative placement thus did not implicate a protected liberty interest, and Plaintiff was not entitled to any hearing procedure or other process before being assigned to that non-punitive segregation. The complaint therefore fails to state a cognizable claim for deprivation of a liberty interest without due process, and Count 6 shall be dismissed with prejudice.

Even though this due process claim fails, Plaintiff's First Amendment retaliation claim against Defendant Helm in Count 7 may proceed. In order to prevail on that claim, he must establish that Defendant Helm's initial placement of Plaintiff in administrative segregation was improperly motivated by retaliatory animus, which is a matter distinct from the due process claim.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be referred to the United States Magistrate Judge for further consideration. His motion for service of process at government expense (Doc. 5) shall be **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on those Defendants who remain in the action. No service shall be made on the dismissed Defendant.

Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (Doc. 11) shall be addressed in a separate order following the receipt of Plaintiff's complete inmate trust account

statements as ordered in Doc. 12.

**Disposition**

**COUNTS 5 and 6** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  Defendant **ODUM** is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **HATHAWAY, COLLIER, ROCKWELL, RUSSELL,** and **HELM**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the

date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is reminded that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: October 31, 2014**

                                                                s/ MICHAEL J. REAGAN
                                                                 United States District Judge